IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAJEANA LEANN BULLINGTON                                               PLAINTIFF

vs.                                      Civil No. 2:10-cv-02104

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lajeana Leann Bullington ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed disability applications on November 7, 2007. (Tr. 56, 107-115, 129-131). In her applications, Plaintiff alleged she was disabled due to back problems, carpal tunnel syndrome, heart problems, obesity, pain, limping, rheumatoid arthritis, bipolar disorder, scoliosis, and a limited education. (Tr. 165). Plaintiff alleged an onset date of June 1, 2006. (Tr. 107, 129, 165).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

These applications were denied initially and again upon reconsideration. (Tr. 49-52).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 80-81). An administrative hearing was held on February 18, 2009 in Fort Smith, Arkansas. (Tr. 20-48). Plaintiff was present and was represented by counsel, Fred Caddell, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-six (26) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the tenth grade and received her certification as a Certified Nurse Assistant (CNA). (Tr. 25).

On June 18, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 56-64). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2006. (Tr. 58, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2006, her alleged onset date. (Tr. 58, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back disorder, pain disorder, obesity, and depression. (Tr. 58, Finding 3). The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 59-60, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 60-62, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon her review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR

2

>404.1567(a) and 416.967(a) except she cannot do sustained driving as a part of work duties. She can occasionally climb ramps, stairs and can occasionally stoop, bend, crouch, crawl, kneel, and balance. She cannot climb scaffolds, ladders, or ropes and cannot be around unprotected heights, dangerous equipment, and machines. From a mental standpoint, she is able to perform repetitive routine work with superficial contact incidental to work with public and co-workers. Such work has non-complex simple instructions which are learned by rote with few variables and require little judgment and supervision is concrete, direct and specific.

*Id.*

The ALJ evaluated Plaintiff's PRW ("PRW") and determined she had no PRW she could perform. (Tr. 62, Finding 6). The ALJ also determined whether Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 62-63, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 45-48, 63). Specifically, the VE testified that a hypothetical person with Plaintiff's characteristics (including age, education, RFC, and past work experience) would be able to perform work as a assembler with 1,200 such jobs in the region and 91,300 such jobs in the national economy. (Tr. 63). Based upon this testimony, the ALJ determined there was other work Plaintiff could perform and Plaintiff had not been under a disability, as defined by the Act, from June 1, 2006 through the date of her decision or through June 18, 2009. (Tr. 63-64, Finding 11).

Thereafter, on June 22, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On July 15, 2010, the Appeals Council denied Plaintiff's request for review of the unfavorable disability determination. (Tr. 1-4). On July 20, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 17, 2010. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

3

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff raised the following three points on appeal: (A) the ALJ erred by finding Plaintiff's anxiety was non-severe; (B) the ALJ erred in her RFC determination; and (C) the ALJ erred in her evaluation of Plaintiff's credibility. ECF No. 11 at 7-17. Plaintiff argues that, because of this error, her case must be reversed and remanded to the SSA. *Id.* In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. ECF No. 12.

    **A.**    **Severe Impairment of Anxiety**

Plaintiff argues that the ALJ erred by finding her anxiety was a non-severe impairment. ECF No. 11 at 7-9. In her applications, however, Plaintiff did not allege she was disabled due to her

anxiety. (Tr. 165). Further, at the administrative hearing in this matter, Plaintiff was asked questions regarding her "anxiety," but she only provided testimony regarding her alleged bipolar disorder:

> Q    Let's talk a little bit about anxiety. We got, we've got some reports in here talking about you having some problems with anxiety –
>
> A    . . . Dr. Norwood put me on medicine for it. And that's when they said I was *manic depressant bipolar*. And it's, it's–it doesn't get any better though.

(Tr. 40-41) (emphasis added). Also, when Plaintiff testified regarding her "nerves" and related problems, she appeared to be testifying regarding her manic depressive or bipolar disorder. *Id.*

Thus, it appears Plaintiff never specifically alleged she was disabled due to her anxiety *and* bipolar disorder, as opposed to just her alleged bipolar disorder. Accordingly, this Court finds the ALJ did not err by not finding her anxiety to be a severe impairment.[2] *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'" (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993))).

**B.    RFC Determination**

Plaintiff claims the ALJ erred in evaluating her RFC. ECF No. 11 at 9-14. Specifically, Plaintiff claims the ALJ did not properly consider her mental and physical limitations when assessing her RFC. *Id.* For her alleged mental limitations, Plaintiff claims the ALJ did not properly consider the findings regarding her GAF score and her ability to complete tasks. *Id.* For her alleged physical limitations, Plaintiff claims the ALJ did not properly consider her carpal tunnel syndrome. *Id.* This Court will address both her alleged mental and physical limitations.

---

[2] Indeed, the ALJ found her depression (presumably resulting from her bipolar disorder) to be a severe impairment and noted mental limitations on her RFC resulting from that depression. (Tr. 58-60).

First, Plaintiff claims the ALJ did not properly consider her mental limitations. Plaintiff claims the ALJ should have considered her low GAF score as well as her inability to stay on task. In support of her claim regarding these limitations, Plaintiff relies upon a consultative examination completed by Dr. Kathleen M. Kralik, Ph.D. (Tr. 255-261) and GAF score of 50 assessed by Western Arkansas Counseling and Guidance.

Upon review, however, Dr. Kralik only determined Plaintiff was only "somewhat impaired for occupational purposes" in (1) her ability to carry out activities of daily living and daily adaptive functioning; (2) her capacity to communicate and interact in a socially adequate manner; (3) her ability to communicate in an intelligible and effective manner; (4) her capacity to cope with the typical mental and cognitive demands of basic work-like tasks; and (5) her ability to complete work-like tasks within an acceptable time frame. (Tr. 260). Further, Dr. Kralik only estimated Plaintiff's current GAF score to be between 50-60, which indicates only moderate symptoms.[3]  *Id.*

Further, as noted above, in assessing her RFC, the ALJ did find Plaintiff suffered from the following mental limitations:

> . . . From a mental standpoint, she is able to perform repetitive routine work with superficial contact incidental to work with public and co-workers. Such work has non-complex simple instructions which are learned by rote with few variables and require little judgment and supervision is concrete, direct and specific.

(Tr. 60-62, Finding 5). Accordingly, based upon the RFC determination made by the ALJ regarding Plaintiff's mental limitations and in light of Dr. Kralik's assessment, this Court finds the ALJ did not err in assessing Plaintiff's mental limitations.

---

[3] A GAF score of 51-60 indicates "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Diagnostic and Statistical Manual of Mental Disorders* (DSM-IV-TR) 34 (4th ed. 2000).

Second, Plaintiff claims the ALJ did not properly consider her physical limitation of carpal tunnel syndrome in assessing her RFC. In assessing her physical RFC, the ALJ did not find Plaintiff had any limitations due to her carpal tunnel syndrome. (Tr. 60-62, Finding 5). A review of the record in this case does not support a finding that she had any limitations due to carpal tunnel syndrome or had even been diagnosed with carpal tunnel syndrome. On December 13, 2005, Dr. Norwood found Plaintiff had "possible" carpal tunnel syndrome. (Tr. 239). On August 18, 2008, a physician at the Good Samaritan Clinic found she had "carpal tunnel symptoms," but she was not diagnosed with carpal tunnel syndrome. (Tr. 322).

Further, on January 7, 2008, during a general physical exam, Plaintiff demonstrated 100% full grip strength. (Tr. 266). Based upon this record, and the fact Plaintiff had never been diagnosed as having carpal tunnel syndrome, there was no basis for the ALJ to make a finding that Plaintiff had any limitations due to carpal tunnel syndrome. Also based upon this record, the ALJ was not required to further develop the record on this issue.[4] *See Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir. 1994) (holding that for the record to be developed, the evidence must be "sufficiently clear to make a fair determination as to whether or not the claimant is disabled"). Accordingly, this Court finds the ALJ did not err in assessing Plaintiff's RFC.

### C. Credibility Determination

Plaintiff claims the ALJ erred in evaluating her subjective complaints. ECF No. 11 at 14-17. Specifically, Plaintiff claims the ALJ failed to "make [an] express credibility determination." In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R.

---

[4] Plaintiff claims in her briefing that the ALJ should have further developed the record on this issue. ECF No. 11.

§ 416.929.[5]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act.  The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v.*

---

[5] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In her opinion, the ALJ recited she had complied with the requirements of 20 CFR 404.1529 and 416.929. (Tr. 60). Even though the ALJ mentioned these provisions, and did not recite *Polaski*, such an omission does not require reversal. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) (holding that "[a]lthough the ALJ never expressly cited *Polaski* (which is our preferred practice), the ALJ cited and conducted an analysis pursuant to 20 C.F.R. §§ 404.1529 and 416.929, which largely mirror the *Polaski* factors").

Further, the ALJ made the following findings which support her credibility determination: (1) Plaintiff was able to maintain a relationship with her boyfriend and care for her baby on a day-to-day basis, including taking the baby for health checkups; (2) no physician had placed any functional restrictions on her activities that would preclude work activity; and (3) Plaintiff's chronic back pain was apparently controlled with over-the-counter medication. (Tr. 60-62). Thus, because her credibility findings are supported by "good reasons," they should be affirmed. *See Schultz,* 479 F.3d at 983 (holding "we will defer to an ALJ's credibility finding as long as the 'ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so'") (internal citation omitted).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of May, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE